## CAPPS *v.* GROSECLOSE.

(*Knoxville.* September 26, 1895.)

ACTION. *Quantum meruit does not lie.*

Recovery on *quantum meruit* cannot be had for services rendered under a promise that plaintiff should be compensated in certain property when he reached twenty-one years of age.

---

FROM UNION.

---

Appeal in error from the Circuit Court of Union County. W. R. HICKS, J.

S. J. AILOR and N. AILOR for Capps.

CORAM ACUFF for Groseclose.

WILKES, J. This is an action commenced before a Justice of the Peace, on account for work and labor done by plaintiff for defendant. On appeal to the Circuit Court, this cause was heard by the Judge without the intervention of a jury, and judgment was rendered for the plaintiff for $120 and costs, and defendant has appealed and assigned errors.

It appears that plaintiff, when he was about nineteen years of age, went to live with defendant,

who was a farmer, for his board and clothes. He remained only a short time, and went away, but soon after returned, and asked to be taken back. Three witnesses prove that defendant agreed that he might come back on the same terms of board and clothes, with liberty to leave whenever he saw fit. Plaintiff denies this, and states that it was agreed that when he reached twenty-one years of age he was to have a horse, bridle, and saddle, but the plaintiff himself proves no other agreement for compensation except this, and he made no demand for the horse, bridle, and saddle, nor does he sue for them or their value in this action, but on a *quantum meruit* for services rendered.

It is evident that, on defendant's view and evidence, plaintiff cannot recover, as he was to have nothing but his board and clothes, which he has received; nor can he recover upon his own theory, since he fails to prove any agreement or promise to pay him what his services were worth, or anything except the horse, bridle, and saddle, which he does not sue for, and which defendant denies is true. There is, therefore, no proof of any promise to compensate plaintiff upon which the defendant can be held liable, and the judgment of the Circuit Court must be reversed, and, having been heard before the Judge without a jury, the judgment will be rendered here that should have been given by the trial Judge, dismissing this suit at plaintiff's cost.